```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
ALVIN MARTINEZ,                          :
                                         :
            Petitioner,                  :   08 CV 5104 (JSR)
                                         :
        -v-                              :        ORDER
                                         :
UNITED STATES,                           :
                                         :
            Respondent.                  :
---------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-22-08

JED S. RAKOFF, U.S.D.J.

    Petitioner Alvin Martinez was convicted in this Court on June 28, 2007, and his direct appeal is pending in the Second Circuit. United States v. Martinez, No. 04 Cr. 48-18 (S.D.N.Y. June 28, 2007), appeal pending, 07-1589-cr. (2d Cir. Apr. 16, 2007). On April 2, 2008, petitioner filed a motion, pro se, purportedly seeking relief under 18 U.S.C. § 3582(c)(2). By an order dated April 9, 2008, the Court denied petitioner's motion to the extent that it sought a reduction of sentence based on the recent amendment to the United States Sentencing Guidelines which lowered the based offense levels applicable to crack cocaine offenses. See April 9, 2008 Order. Petitioner's motion also included a number of statements that could be construed as a prayer for relief pursuant to 28 U.S.C. § 2255, and the remainder of the motion accordingly was assigned a separate civil docket number as a possible pro se motion under § 2255.

    On June 4, 2008, the Court directed petitioner to either amend or withdraw his motion. See June 4, 2008 Order. The Court advised petitioner that if he did not do so within 60 days, the motion would remain designated as a motion under § 2255, and could be

dismissed without prejudice as premature. See id. On June 18, 2008, petitioner asked the Court to stay his § 2255 motion while his criminal case proceeded on direct appeal.

"[C]ollateral attack is not a substitute for direct appeal and petitioners are therefore generally required to exhaust direct appeal before bringing a petition under § 2255." United States v. Dukes, 727 F.2d 34, 41 (2d Cir. 1984); see Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, Advisory Committee Notes. Petitioner has not exhausted direct appeal of this Court's final judgment of conviction and sentence. Accordingly, petitioner's request to stay his § 2255 motion must be denied, and the § 2255 motion must be dismissed without prejudice as premature.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 21, 2008

2